UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sigma Enterprises, LLC, | Civil File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Tekno Products, Inc. and Dollar General Corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Sigma Enterprises, LLC ("Sigma"), for its complaint against Tekno

Products, Inc. ("Tekno") and Dollar General Corporation ("Dollar General"), states and

alleges as follows:

1.      This is a patent infringement action to stop Tekno and Dollar General's

infringement of Sigma's United States Patent No. 9,015,895 ("'895 patent") (Ex. A)

entitled "Textured Device For Cleaning Cosmetic Brushes."

## PARTIES

2.      Plaintiff Sigma is a Minnesota limited liability company, with its principal

place of business at 33 5th Av NW, Suite 1000, New Brighton, MN 55112.  Sigma is the

owner by assignment of the '895 patent.

3.      Defendant Tekno is a New Jersey corporation, with its principal place of

business at 301 Route 17 North, Suite 800, Rutherford, New Jersey 07070.

4.      Defendant Dollar General is a Tennessee corporation, with its principal

place of business at 100 Mission Ridge, Goodlettsville, Tennessee 37072.  Dollar General

operates at least twenty-five retail stores in Minnesota.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

6.      This Court has jurisdiction over the subject matter of this action under

28 U.S.C. §§ 1331 and 1338(a).

7.      The Court has personal jurisdiction over Tekno because Sigma's cause of

action arises directly from Tekno's infringing actions of selling and offering to sell

infringing products in the State of Minnesota and this District.

8.      The Court has personal jurisdiction over Dollar General because it regularly

conducts business in the State of Minnesota and this District, and Sigma's cause of action

arises directly from Dollar General's infringing actions of selling and offering to sell

infringing products in the State of Minnesota and this District.

9.      Venue is proper in the District of Minnesota pursuant to

28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Tekno and Dollar General are each subject

to personal jurisdiction in this District and each has committed acts of infringement in

this District.

## BACKGROUND

**Sigma, Its Patented 2X Sigma Spa® Product, and the '895 Patent**

10.      Sigma was formed in 2009, and initially operated an online beauty store.

Sigma opened its first brick-and-mortar store in the Mall of America in 2012.   Sigma's

2

mission is to provide beauty enthusiasts with the latest innovations in cosmetics, makeup brushes, and brush care accessories.  Today, Sigma has authorized retailers in 225+ countries.

11.     Sigma's two founders, Rene Xavier Fihlo and Simone Rodrigues Oliveira Xavier, invented a device for cleaning cosmetic brushes and filed a patent for their invention on July 2, 2012.  The application eventually issued as the '895 patent on April 28, 2015.  Sigma is the assignee and sole owner of the '895 patent.

12.     The '895 patent is valid, enforceable, and currently in full force and effect.

13.     Sigma markets an embodiment of the '895 patent under the name 2X Sigma Spa®.  Below is a photograph of Sigma's patented product:



PATENT NO. 9,015,895

14.     Since its introduction, the Sigma patented product has enjoyed

commercial success.  Sigma's patented products were the first mitten-shaped cleaning

devices for cosmetic brushes on the market.

**Tekno and Dollar General's Sales of Tekno's Infringing Product**

15.     Tekno makes, uses, sells, offers for sale, and/or imports for sale in the

United States a product called "cosmetic brush cleaning glove" (hereinafter "the

4

infringing product"). Tekno's infringing product is a copy of Sigma's patented 2X Sigma

Spa® product. A picture of the infringing product is shown below:



16. The infringing product is available at Dollar General stores throughout the

United States, including at several Dollar General stores in Minnesota.

17. The infringing product infringes one or more claims of the '895 patent, as

described more fully below.

## COUNT ONE

### Infringement of the '895 Patent

### (Against Tekno)

18.     Sigma restates and incorporates by reference the allegations in paragraphs 1-17.

19.      Sigma is the assignee and sole owner of the '895 patent.

20.     Tekno has infringed and continues to infringe one or more claims of the '895 patent, including at least claim  22, by making, using, offering to sell, selling, and/or importing for sale (directly or through intermediaries), in this District and elsewhere in the United States, a "cosmetic brush cleaning glove."

21.     Sigma did not give Tekno authorization or license to make, use, offer to sell, or sell the infringing product.

22.     Sigma marked the 2X Sigma Spa® with the number of the '895 patent since the patent's issuance and Tekno nevertheless copied the 2X Sigma Spa® product. Moreover, Tekno received notice of its infringement by letter from Sigma dated September 22, 2015.   Therefore, Tekno had knowledge of the '895 patent, yet willfully infringed and continues to willfully infringe the '895 patent.

23.     Tekno's infringement of the '895 patent has caused and will continue to cause damage to Sigma.  Tekno's infringement has also caused and will continue to cause irreparable harm to Sigma for which there is no adequate remedy at law unless enjoined.

## COUNT TWO

### Infringement of the '895 Patent

### (Against Dollar General)

24.     Sigma restates and incorporates by reference the allegations in paragraphs 1-23.

25.      Sigma is the assignee and sole owner of the '895 patent.

26.     Dollar General has infringed and continues to infringe one or more claims of the '895 patent, including at least claim  22, by offering to sell and/or selling in this District and elsewhere in the United States, a "cosmetic brush cleaning glove."

27.     Sigma did not give Dollar General authorization or license to offer to sell or sell the infringing product.

28.     Dollar General received notice of its infringement by letter from Sigma dated September 30, 2015.  Any ongoing sales by Dollar General after notice of the '895 patent would constitute willful infringement of the '895 patent.

29.     Dollar General's infringement of the '895 patent has caused and will continue to cause damage to Sigma.  Dollar Genera's infringement has also caused and will continue to cause irreparable harm to Sigma for which there is no adequate remedy at law unless enjoined.

## JURY DEMAND

Sigma requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Sigma Enterprises, LLC prays for Judgment:

(a)     In favor of Sigma and against Tekno and Dollar General on all of Sigma's claims;

(b)     Finding that Tekno and Dollar General have willfully infringed one or more claims of the '895 patent;

(c)     Permanently enjoining Tekno, its agents, servants, employees, officers, directors, successors, licensees, assigns, and all others in active concert or participation with Tekno, from making, using, offering to sell, or selling its infringing product in the United States, or from otherwise infringing, inducing infringement, or contributing to the infringement of claims of the '895 patent;

(d)     Permanently enjoining Dollar General, its agents, servants, employees, officers, directors, successors, licensees, assigns, and all others in active concert or participation with Dollar General, from making, using, offering to sell, or selling the infringing product in the United States, or from otherwise infringing, inducing infringement, or contributing to the infringement of claims of the '895 patent;

(e)     Awarding Sigma damages adequate to compensate Sigma for Tekno and Dollar General's acts of patent infringement, including enhanced damages for willful infringement, together with pre-judgment and post-judgment interest;

(f)     Declaring this to be an exceptional case and awarding Sigma reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(g)    Awarding Sigma its taxable costs and expenses; and

(h)    Granting such other and further relief as this Court may deem just and

equitable.

DORSEY & WHITNEY LLP

Dated:  October 6, 2015

By *s/ Forrest Tahdooahnippah*
      J. Thomas Vitt #0183817
      vitt.thomas@dorsey.com
      Forrest K. Tahdooahnippah # 0391459
      forrest@dorsey.com
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

*Attorneys for Plaintiff Sigma Enterprises, LLC*